THE FEDERAL LAND BANK OF BALTIMORE, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 894.   Argued March 20, 1933.—Decided July 14, 1933.

*E. Campos del Toro* and *S. García Díaz* for petitioner. *López de Tord & Zayas Pizarro* for plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The essential question involved in this case is whether or not an order of a municipal court denying a motion for a change of venue is directly and immediately appealable to the district court.

An action claiming a homestead was commenced in the Municipal Court of Juana Díaz against The Federal Land Bank of Baltimore. The defendant moved for a change of venue to the court of his residence in San Juan. The motion was denied and the defendant appealed to the District Court of Ponce. The plaintiff then moved that court to dismiss the appeal on the ground that the same was not authorized, and the court granted this motion by an order which reads as follows:

"In view of section 1 of the Act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, as amended by Act No. 2, approved March 14, 1929, and of the cases, *Martínez* v. *Rivera*, 6 P.R.R. 84; *Huertas* v. *Municipal Judge*, 6 P.R.R. 161; *Alcalá del Olmo* v. *Estate of Fernández*, 6 P.R.R. 217; *Curbelo* v. *Arrieta et al.*, 6 P.R.R. 228; *Abella* v. *District Court*, 10 P.R.R. 215; *Alsina & Morales* v. *Matos*, 15 P.R.R. 170; and *West India Oil Co.* v. *Soto*, decided on Feb. 10, 1933, Bulletin 37, *J.D.P.C.*, the court grants the motion to dismiss the appeal taken in this case by the plaintiffs, and consequently it dismisses said appeal on the ground that the order entered by the Municipal Court of Juana Díaz, refusing the change of venue, is not appealable. Let this be notified to said court and the parties."

Feeling aggrieved by that decision, the defendant brought certiorari proceedings in this court. In support of its contention that the appeal lies, it cites the decisions of this court in *Pabón* v. *Municipal Judge of Juana Díaz et al.*, 30 P.R.R. 439, and *Rivera* v. *Aybar*, 32 P.R.R. 504.

We have examined the citations of cases decided by this court during the first semester of 1904, reported in volume

6 of its reports, pages 84, 161, 217, and 228, and they do not directly decide the question involved herein.

*Abella* v. *District Court,* 10 P.R.R. 215, decided after the passage of the Act of 1904 on judicial reorganization but before the enactment of the Act of 1908, which regulated the appeals from municipal courts in civil cases, must be taken into consideration.

There this court, through the then Associate Justice Hernández, said:

"We do not find in the Code of Civil Procedure any provision whatsoever determining the cases in which an appeal lies from a municipal court to a district court, as section 295 of said Code treats only of the cases in which an appeal may be taken to the Supreme Court from decisions of district courts, neither said section nor any other section indicating the cases in which an appeal lies to district courts from decisions of municipal courts.

"This silence of the law has been supplied by rule 34 of the Rules for District Courts, which allows such appeals only when a final judgment rendered in a civil action is involved, and provides that the action thus appealed be tried *de novo.*

"We see no reason whatsoever for extending this appeal to other decisions which are not final in an action, because municipal courts are not courts of record as are the Supreme Court and the district courts, and as an appeal from a final judgment of a municipal court necessitates a new trial in the district court, the interests of the administration of justice, as well as private interests, are well served without the necessity of extending the appeal to other interlocutory orders in addition to the final judgment referred to."

And even more applicable is *Alsina & Morales* v. *Matos,* 15 P.R.R. 170, decided after the approval of the Act of 1908 relating to appeals. There this court, through Associate Justice Figueras, said:

"(c) It is unnecessary at the present time, to determine whether the order of the municipal court was appealable or not, but whether it was or not, it did not exercise the right on the part of the plaintiffs, did not deprive them of their right to discuss, on motion, in the District Court of Ponce, whether or not it had been fully established that the notice had been served on their counsel, Attorney Domingo Sepúlveda.

"We must not lose sight of the fact that the appellant maintains that said order was appealable because it was equivalent to a special order made after a final judgment, and is said to be comprised in the provisions of subdivision three of section 295 of the Code of Civil Procedure.

"But this section and the subsequent sections of chapter two, refer to appeals to the Supreme Court from decisions of district courts and are not applicable to appeals from municipal courts to district courts."

In accordance with the holdings in the cases we have just cited—*Abella* v. *District Court* and *Alsina & Morales* v. *Matos*—and in *Hernández* v. *Tornabells & Co.*, 17 P.R.R. 605, this court, in *West India Oil Co.* v. *Soto*, 44 P.R.R. 515, speaking through Associate Justice Córdova Dávila, has recently said:

"An order issued by a municipal court vacating or refusing to vacate an attachment is not appealable."

Do the cases invoked by the petitioner support its contention?

The first of these, namely, *Pabón* v. *Municipal Judge of Juana Díaz et al.*, 30 P.R.R. 439, does not have the scope attributed to it by the petitioner. It was a certiorari proceeding that involved an order of a municipal court refusing the opening of a default. An appeal had been taken to the district court, which affirmed the order of the municipal court on the ground that the same was not appealable. After stating these facts, this Supreme Court, through Associate Justice Franco Soto, said:

"It does not appear that the defendant appealed to this court from that decision of the district court in order to impeach and test the sufficiency of the legal ground on which the Ponce court based its decision that the order refusing to open the default was unappealable.

"By reason of the subject-matter or the amount in controversy in the original suit the defendant had an opportunity to appeal to this court. The claim of the plaintiff exceeded $300 and, therefore, the decision of the District Court of Ponce was not final and the

defendant had a speedy way of testing the sufficiency of that decision by taking a second appeal to this court. If we should hold that the order of the district court in the appeal from the municipal court refusing to open the default was appealable, then we should have to conclude that the defendant had within his reach the ordinary remedy of appeal. This is the conclusion at which we have arrived. The reason is that whether or not the order of the municipal court refusing to open the default was appealable, the fact is that the decision of the district court in the appeal from that order was appealable as a final judgment, and for a better illustration of this case we refer to the jurisprudence laid down by this court in *Hernáiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99.''

There remains to be considered only the case of *Rivera* v. *Aybar,* 32 P.R.R. 504. In it this court, speaking through Associate Justice Aldrey, said:

''The Code of Civil Procedure, which governs the prosecution of civil proceedings in the district courts, establishes in section 75 to 86, inclusive, rules fixing the place of trial of cases and the instances in which they should be transferred to another district court. These rules are applicable to the municipal courts, inasmuch as section 3 of the Act of 1904 reorganizing the judiciary provides that all proceedings in the municipal courts shall be conducted according to the rules and proceedings in force in the district courts. It is true that as the Code of Civil Procedure was adopted for the district courts, it refers to transfers from one district court to another, but as the said code governs the municipal courts also in proper cases, it must be understood that the transfer is from one municipal court to another of equal jurisdiction, in order to comply with the provisions that personal actions, like the present, should be tried in the municipal district where the defendant resided at the commencement of the action, and may be transferred to that district if brought in another municipal district and a transfer is asked for in accordance with the law.''

As may be seen, nothing has been expressly decided on the matter of appeals. The rules set forth in the Code of Civil Procedure relating to removals were considered as applicable, in virtue of the provisions contained in section 3 of the Act of 1904 on judicial reorganization, to wit:

".  .  . and all the proceedings in said municipal courts must be conducted according to the rules and proceedings in force in the District Courts."

And when it is borne in mind that subsequent to the Act of 1904 the special one of 1908 was enacted, and that an appeal from a judgment or order of a municipal court is not perhaps a proceeding in a municipal court, it will be seen that the decision in *Rivera* v. *Aybar, supra,* does not have either the scope claimed for it by the petitioner in supporting its contention.

Such being the state of the law and the jurisprudence, and a statutory remedy being involved, we are of opinion that the district court acted correctly in dismissing the appeal as improper.

The writ issued must be discharged and the record remanded to the district court *a quo* for the proper proceedings.

Mr. Justice Wolf concurs in the result.